

OCT 29 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ORVILLE DAVID MORRISON,<br><br>Defendant/Movant. | Cause No. CR 04-126-BLG-SPW<br>CV 16-099-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION<br>AND GRANTING CERTIFICATE OF<br>APPEALABILITY |

Defendant Morrison filed a motion under 28 U.S.C. § 2255 seeking relief based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015). On September 12, 2018, the Court of Appeals held that such motions are untimely until the Supreme Court extends *Johnson* to other contexts. *See United States v. Blackstone*, 903 F.3d 1020, 1023 (9th Cir. Sept. 12, 2018).

Morrison argues that *Blackstone* was wrongly decided, but of course this Court cannot rule on that basis. He also argues that even if his motion is untimely under 28 U.S.C. § 2255(f)(3), he is excused from complying with the statute of limitations because the rule of *Johnson* means he is actually innocent of violating 18 U.S.C. § 924(c). *See McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013). This logic is inconsistent with *Blackstone*, which holds that only the Supreme Court may decide whether *Johnson* applies to § 924(c). *See, e.g., Blackstone*, 903

F.3d at 1026–28. If *Johnson* and fact-free categorical analysis apply to § 924(c), Morrison is indeed innocent of violating § 924(c). But then his motion would also be timely under § 2255(f)(3). It is not possible to separate *Blackstone*'s approach to § 2255(f)(3) from Morrison's claim of actual innocence.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously found that, under the applicable precedents, he did. *See* Order (Doc. 79) at 14. Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

*Blackstone* rejects Morrison's claim that he was deprived of a constitutional right and also imposes a time bar. In the Seventh Circuit, however, Morrison would likely prevail. *See Cross v. United States*, 892 F.3d 288, 293–94 (7th Cir. 2018). Reasonable jurists could disagree with this Court's decision. A certificate of appealability is granted on the issues of (1) whether Morrison was convicted and sentenced under 18 U.S.C. § 924(c) without fair notice of the illegality of his conduct and (2) whether his § 2255 motion is time-barred.

Accordingly, IT IS HEREBY ORDERED:

1. The United States' motion to reconsider (Doc. 91) is GRANTED. The Order of May 7, 2018 (Doc. 79), is VACATED.

2. Morrison's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 71) is DISMISSED WITH PREJUDICE as time-barred.

3. A certificate of appealability is GRANTED on the issues of (1) whether Morrison was convicted and sentenced under 18 U.S.C. § 924(c) without fair notice of the illegality of his conduct and (2) whether his § 2255 motion is time-barred. The clerk shall immediately process the appeal if Morrison files a notice of appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 16-99-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Morrison.

DATED this 29th day of October, 2018.

Susan P. Watters
United States District Court